IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHASE G. McDUFFEE,

                  Plaintiff,                  OPINION and ORDER

    v.                                                               24-cv-464-wmc

FEDERAL COMMUNICATIONS
COMMISSION,

                  Defendant.

---

Representing himself, plaintiff Chase G. McDuffee has filed a complaint against defendant Federal Communications Commission ("FCC") for "not fulfilling clearly written requests" under the Freedom of Information Act ("FOIA"). (Dkt. #1, at 2.) After screening the complaint and a supplement with additional information about plaintiff's FOIA requests under 28 U.S.C. § 1915(e)(2)(B), the court granted plaintiff leave to proceed with his claims against the defendant. (Dkt. ##9-10.) Defendant has now filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. #17.) For reasons set forth below, the court will grant that motion and dismiss the complaint, while giving plaintiff one, final opportunity to file an amended complaint that addresses the defects in his current complaint as set forth below.

OPINION

FOIA requires federal agencies to promptly provide records in response to any request "which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The goal of FOIA is to facilitate "broad disclosure" of documents

that illuminate for the public the workings of government. *Lakin Law Firm, P.C. v. F.T.C.*, 352 F.3d 1122, 1123 (7th Cir. 2003). Thus, an agency must make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Campbell v. U.S. Department of Justice*, 164 F.3d. 20, 27 (D.C. Cir. 1998) (citing *Ogelsby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).

Plaintiff has provided a list of the following FOIA requests that the FCC has allegedly failed to answer: (1) FCC 2023-000726; (2) FCC 2023-000727; (3) FCC 2023-000728; (4) FCC 2023-000843; (5) FCC 2024-000022; (6) FCC 2024-000639; (7) FCC 2024-000640-A; and (8) FCC 2024-000641. (Dkt. #9.) Plaintiff further contends that a response to his FOIA requests will "prove a conspiracy by the [Central Intelligence Agency ("CIA")] and others to steal [his] inheritance" from the estate of late, Apple co-founder Steve Jobs. (Dkt. #1, at 2.) Construed liberally, plaintiff alleges that the FCC is improperly withholding the records he requested or has failed to conduct a search of its records in good faith.

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's current complaint does not: (1) demonstrate that he exhausted administrative remedies before filing suit; and (2) identify the specific information or agency records that he requested. A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The court addresses defendant's grounds to dismiss in turn.

I. **Failure to Exhaust**

First, defendant argues that the complaint must be dismissed because plaintiff has not alleged that he exhausted administrative remedies as required before filing suit. Under FOIA, a plaintiff must exhaust his or her administrative remedies before seeking judicial review, including an appeal with the agency. 5 U.S.C. § 552(a)(6)(A)(i)-(ii), (C)(i); *Hoeller v. Soc. Sec. Admin.*, 670 F. App'x 413, 414 (7th Cir. 2016) ("Exhaustion of administrative remedies is a prerequisite to filing a FOIA suit" and cannot be satisfied during an already-filed suit.). The FCC's regulations governing FOIA requests, including administrative remedies, are set out at 47 C.F.R. § 0.461. These remedies include an appeal, within ninety days, of the agency's initial determination on the request. 47 C.F.R. § 0.461(j).

Plaintiff responds that he did appeal "some" of his FOIA requests, but he doesn't identify which ones or provide the date that any appeal was filed. (Dkt. #26.) The pleadings are, therefore, insufficient to establish exhaustion, which demands strict compliance with agency procedures. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Moreover, while typically an affirmative defense that a plaintiff would not normally have to address in his initial pleadings, the Seventh Circuit has ruled that a motion under Rule 12(b)(6) is a proper vehicle to dismiss a FOIA complaint for failure to exhaust. *See Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir. 1988) (in the absence of allegations that plaintiff exhausted all of his his remedies under FOIA, he states no claim upon which relief may be granted). Because plaintiff fails

to allege details showing that he exhausted administrative remedies before filing suit, the complaint is subject to dismissal. *See Sherven v. Nat'l Sec. Agency*, No. 23-cv-603-jdp, 2024 WL 418745, at *1 (W.D. Wis. Feb. 5, 2024) ("[I]f a plaintiff doesn't allege that he exhausted his administrative remedies, the court must dismiss the complaint for failure to state a claim.").

## II. Failure to Identify Specific Information

In addition, defendant contends that dismissal is required because plaintiff does not describe the specific information or identify the agency records he actually requested from defendant under FOIA. Absent an allegation that defendant withheld specific agency records within its control, plaintiff fails to state a FOIA claim. *See United States Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 145 (1989) (noting that the agency must be in control of the requested materials at the time the FOIA request is made, and "[b]y control [the court] mean[s] that the materials have come into the agency's possession in the legitimate conduct of its official duties").

As noted above, plaintiff has provided numbers for the FOIA requests that he claims have been denied by the defendant. However, he offers no details about the specific information being sought in each numbered request.[1] Even where plaintiff identifies the FOIA request numbers, without allegations "identify[ing] the information he was seeking from the [agency to whom the FOIA requests were directed] . . . it is impossible to tell

---

[1] Plaintiff does reference a previous lawsuit, *McDuffee New York Inc. v. ACE Aviation Holdings Inc. et al.*, No. 1:06-cv-3485 (N.D. Ill.), but court records reflect that this antitrust case was filed *not* by plaintiff, but by an Illinois corporation as a class action alleging price-fixing by numerous air cargo service providers. Plaintiff provides no information about his connection to that case or how it pertains to the agency records he actually requested under FOIA from the defendant. (Dkt. #26.)

4

whether [plaintiff] has a plausible claim" under FOIA. *Sanders v. Fed. Bureau of Investigation*, No. 23-cv-589-jdp, 2024 WL 230307, at *1 (W.D. Wis. Jan. 22, 2024). For this additional reason, his complaint must be dismissed.

However, the Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Thus, plaintiff may have one more opportunity to file an amended complaint that cures the deficiencies outlined above. Should plaintiff file an amended complaint within 30 days of this order, the court will again screen it under 28 U.S.C. § 1915(e)(2)(B). If plaintiff does not comply as directed, this case will be dismissed under Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1) Defendant FCC's motion to dismiss (dkt. #17) is GRANTED.
2) Plaintiff Chase G. McDuffee's current complaint is DISMISSED without prejudice.
3) Plaintiff shall file an amended complaint no later **January 21, 2025**, than that cures the deficiencies outlined above.
4) If plaintiff fails to comply as directed, this case will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

Entered this 20th day of December, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge